UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| KURT DOYLE, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil No. 10-47-GFVT |
| V. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Kurt Doyle brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant, the Commissioner of Social Security ("Commissioner"), which denied his application for supplemental security income benefits (SSI). [R. 2.] Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation ("R&R") containing his proposed findings and recommendations regarding the parties' cross-motions for summary judgment. [*See* R. 15.]

Magistrate Judge Atkins filed his R&R [R. 16] on January 7, 2011. This Court must make a *de novo* determination of those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). Here, Doyle makes essentially two objections to Judge Atkins's R&R. First, he claims that, in contrast to the conclusion reached by the Magistrate Judge, the ALJ did not give adequate reasons for discrediting the opinions of his treating psychiatrist Dr. Kline. [R. 17 at 1.] Doyle contends that a reading of the summary of the treatment notes from Northkey Community Care, where Dr. Kline works, provided in the memorandum supporting his motion

for summary judgment "shows a longitudinal history of severe psychosis that clearly substantiates the opinions of Dr. Kline." [*Id.* at 1-2.]

After reviewing the record and the relevant statutes, regulations, and case law, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's decision with respect to the weight to accord the opinions of Dr. Kline. Under 20 C.F.R. § 404.1527(d)(2), a treating source's opinion on the issues of the nature and severity of a claimant's impairments is given controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record. Further, an ALJ must give "good reasons" for the weight given to a treating source's opinions. 20 C.F.R. § 404.1527(d)(2). Here, the ALJ explained that Dr. Klines opinions were inconsistent with the objective medical evidence of record, including his own treatment records, which showed that Doyle experienced improvement in mood and with hearing voices. [Transcript ("Tr.") 22.] As noted by Judge Atkins, Dr. Kline's records repeatedly show that Doyle was alert and oriented, cooperative, and appropriately dressed with normal speech and thought processes and appropriate thought content. [R. 16 at 7 (citing to the administrative transcript).] Further, as noted by Judge Atkins, Dr. Kline did not consider Doyle to be a risk, and, although Dr. Kline reported that in order to work Doyle would require dosages that would cause debilitating side effects, no side effects from Doyle's current medications were noted. [*Id.* (citing to the administrative transcript).]

Moreover, the Court notes that the ALJ found Doyle to be "less than fully credible." [Tr. 22.] For example, Doyle informed consultative psychiatrist Dr. Rosenthal that he hears a voice in his head telling him what to do, and "[h]e identified this voice as 'possibly my own voice, like

2

talking to myself.'" [Tr. 769.] At a hearing with the ALJ, however, Doyle stated that the voice he hears is that of Lucifer. [Tr. 41.] Further, the record reveals that Doyle made repeated trips to two hospitals, St. Elizabeth Medical Center and St. Luke Hospital East, complaining of various injuries and pains. [*See* Tr. 795-834, 861-934.] On at least three of these occasions, he was noted to be engaging in drug-seeking behavior. [*See* Tr. 833-34, 905, 914.] Specifically, a physician at St. Luke once described Doyle's hospital visit as a "[f]raudulent attempt to obtain narcotics" [Tr. 834], and at St. Elizabeth it was noted on one occasion that Doyle told the nurse he wanted to leave because the physician would not give him narcotics [Tr. 905], and on another occasion that he was angry about not receiving the pain medication of his choice [Tr. 914].

Unlike many other physicians, who may rely on objective medical tests and findings in forming their opinions, psychiatrists typically treat their patients' *subjective* symptoms. *See Smith v. Bayer Corp.*, 275 Fed. Appx. 495, 508 (6th Cir. 2008). Thus, Doyle's credibility in part affects the weight to be accorded the opinions of his treating psychiatrist. On this record, substantial evidence supports the ALJ's decision that Doyle is less than fully credible.

Doyle next objects to Judge Atkins's R&R on the ground that the ALJ's hypothetical question to the vocational expert was faulty because it failed to incorporate fully the limitations found by Dr. Rosenthal. [R. 17 at 2-3.] Specifically, Doyle argues that the ALJ ignored Dr. Rosenthal's opinions that Doyle's ability to tolerate the stress of day-to-day employment appears poor, that he would likely become easily agitated on jobs, and that he might even walk off jobs if he were angry. [*See* R. 12, Attach. 1 at 14.] In his memorandum in support of his motion for summary judgment, Doyle similarly argued that the ALJ improperly "cherry picked" parts of the opinion of consultative psychiatrist Dr. Rosenthal. [*See id.*]

3

As stated by the Commissioner in his motion for summary judgment, however, "[i]t is well-established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (citation omitted). In his R&R, Judge Atkins explained that Doyle cannot establish a lack of substantial evidence to support the ALJ's conclusions merely by pointing to evidence that supports his position and contradicts the ALJ's findings. [R. 16 at 9.] Judge Atkins further found that a review of Dr. Rosenthal's examination reveals substantial objective evidence to support the ALJ's decision. [*Id.* at 9-10.] The Court agrees. The ALJ did not err by failing to include all of the limitations expressed by Dr. Rosenthal in his hypothetical question to the vocational expert.[1]

Finally, to the extent that Doyle argues that the ALJ was required to accept the full opinion of either Dr. Kline or Dr. Rosenthal, that argument must fail. An ALJ makes his or determination on the basis of all of the evidence in the case record. *See* 20 C.F.R. § 416.920(3).

Having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's R&R. The ALJ's decision that Doyle is not disabled is supported by substantial evidence; even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Casey*, 987 F.2d at 1233.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as

---

[1] Indeed, it appears that the three opinions of Dr. Rosenthal that Doyle argues the ALJ ignored may relate more to his employability than to any medical mental limitations that affect his ability to work, and "unemployable is not equivalent to disabled." *Casey*, 987 F.2d at 1235 (citation omitted).

follows:

1. The Plaintiff's Objections to the Magistrate's Report and Recommendation [R. 17] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [R. 16] is **ADOPTED** as and for the opinion of this Court;

3. The Plaintiff's Motion for Summary Judgment [R. 12] is **DENIED**;

4. The Defendant's Motion for Summary Judgment [R. 14] is **GRANTED**; and

5. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 29th day of March, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge